O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CARLOS A. GREENE, JR.,** ) | NO. CV 07-00397-MAN |
| ) | |
| **Plaintiff,** ) | |
| ) | MEMORANDUM OPINION |
| v. ) | |
| ) | AND ORDER |
| **MICHAEL J. ASTRUE,**[1] ) | |
| **Commissioner of the** ) | |
| **Social Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

Plaintiff filed a Complaint on January 22, 2007, seeking review of the denial by the Social Security Commissioner ("Commissioner") of his application for supplemental security income ("SSI"). On February 13, 2007, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties filed a Joint Stipulation on October 10, 2007, in which: Plaintiff seeks an order reversing the Commissioner's decision denying benefits and directing the payment of benefits or, alternatively, remanding the

---

[1] Michael J. Astrue became the Commissioner of the Social Security Administration on February 12, 2007, and is substituted in place of former Commissioner Joanne B. Barnhart as the Defendant in this action. (*See* Fed. R. Civ. P. 25(d)(1); Section 205(g) of the Social Security Act, last sentence, 42 U.S.C. § 405(g).)

case for a new hearing; and Defendant requests that the Commissioner's decision be affirmed.  The Court has taken the parties' Joint Stipulation under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

Plaintiff's grandmother filed an application for SSI on behalf of Plaintiff on December 1, 1991, alleging disability due to asthma and borderline intellectual functioning.  (Administrative Record ("A.R.") 151-56.)  Plaintiff received childhood disability benefits until those benefits were terminated in August 2000.  (A.R. 160.)  The Commissioner denied reconsideration of the benefit termination on November 9, 2001.  (A.R. 165-67.)  On May 15, 2003, Administrative Law Judge Samuel W. Warner ("ALJ Warner") found that Plaintiff was not under a disability since his date of cessation.  (A.R. 397.)

Plaintiff then filed a new application for SSI on September 24, 2003, again alleging disability due to asthma and borderline intellectual functioning.  (A.R. 427-34.)   He has no past relevant work experience.  (A.R. 35.)

The Commissioner denied Plaintiff's claim for benefits initially and upon reconsideration.  (A.R. 400-03, 27-36.)  On January 3, and April 14, 2005, Plaintiff, who was represented by counsel, testified at hearings before Administrative Law Judge James Moser ("ALJ").  (A.R. 738-43, 744-69.)  No medical expert testified.  (*Id.*)

On July 21, 2005, the ALJ concluded that "the evidence does not

establish that 'changed circumstances' exist since ALJ Warner's May 13 [*sic*], 2003 decision," and denied Plaintiff's request for SSI. (A.R. 27-36.) The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision. (A.R. 9-11.)

**SUMMARY OF ADMINISTRATIVE DECISION**

In his July 21, 2005 written decision, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability. (A.R. 35.) The ALJ further found that Plaintiff's asthma and borderline intellectual functioning are "severe" under the regulations.[2] (*Id.*) The ALJ also found that neither of Plaintiff's impairments, individually or in combination, is listed as or medically equivalent to a listed impairment. (*Id.*)

Assessing Plaintiff's residual functional capacity, the ALJ found that Plaintiff can: lift and carry 50 pounds occasionally and 25 pounds frequently; stand, walk, and sit for six hours in an eight hour day; perform unlimited pushing and pulling of hand and foot controls; perform simple repetitive tasks with no limitation on the ability to maintain concentration, persistence, or pace; relate to others and adapt to a work environment. (A.R. 35.) The ALJ found that Plaintiff has a moderately limited ability to understand, remember, and carry out detailed instructions, and he must avoid fumes, odors, dust, gases, and poor ventilation. (*Id.*) Based on this assessment, as well as

---

[2] Plaintiff also alleges disability due to right thumb stiffness status post fracture, back pain, and depression. However, the ALJ found that the record does not support a finding that these impairments are "severe." (A.R. 29.)

Plaintiff's classification as a younger individual with a limited education and no vocationally relevant work experience, the ALJ found that jobs Plaintiff can perform exist in significant numbers in the national economy. (A.R. 36.) Accordingly, the ALJ concluded that Plaintiff was not disabled during the time period at issue. (*Id.*)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice. Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d

1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

**DISCUSSION**

Plaintiff alleges the following two issues: (1) the ALJ failed to consider properly the environmental limitations afflicting Plaintiff; and (2) the ALJ failed to consider properly the borderline intellectual functioning afflicting Plaintiff. (Joint Stipulation ("Joint Stip.") at 3-4.)

**A.   The ALJ Failed To Develop The Record Adequately Regarding Plaintiff's Asthma.**

Plaintiff's December 1, 1991 application for childhood SSI benefits alleged disability based on asthma and borderline intellectual

5

functioning. (A.R. 151-56.) On May 15, 2003, in an unappealed decision, an ALJ found that Plaintiff was not under a disability. (A.R. 397.) This determination created a rebuttable presumption of continuing non-disability through the date of Plaintiff's current September 24, 2003 application, which again alleges disability based on asthma and borderline intellectual functioning. (A.R. 430.)

Although applied less rigidly to administrative than to judicial proceedings, the principles of res judicata nevertheless apply to administrative decisions. *See* Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995); Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988); *see also* 20 C.F.R. §§ 416.1405, 416.1421 (initial and reconsideration determinations binding unless appealed or revised). A final determination that a claimant is not disabled also creates a presumption that the claimant retains the ability to work after the date of the prior administrative decision. *See* Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Lyle v. Sec'y of Health and Human Servs., 700 F.2d 566, 567 (9th Cir. 1983). This presumption of "continuing non-disability" may be overcome by a showing of "changed circumstances." *See* Lester, 81 F.3d at 827-828; Chavez, 844 F.2d at 693.

If a claimant does not meet his burden to adduce "proof of change" in his medical condition or other "changed circumstances," such as a new medically-determinable impairment, the Commissioner is not obliged to make a "de novo" determination of non-disability, even when the burden of establishing disability otherwise would fall to the Commissioner. *See* Booz v. Sec'y of Health and Human Servs., 734 F.2d 1378, 1379-80

(9th Cir. 1984)(holding that the burden to prove disability remained with the claimant and did not shift to the Commissioner at step five, as it normally does, because the unappealed denial of the claimant's earlier application created a presumption of non-disability that must be overcome by the claimant's showing of changed circumstances, and where the ALJ permissibly concluded the claimant had produced no reliable medical evidence that he was disabled, the claimant had not met that burden); <u>Lyle</u>, 700 F.2d at 568-569 (holding that when the second ALJ properly determined the claimant had presented no evidence of change to overcome the presumption that his ability to do light work persisted, the "absence of proof of change" was enough to meet the Secretary's burden to show the claimant could perform alternative work; the Secretary was not required "again [to] meet his burden de novo").

Thus, to overcome the presumption of non-disability arising from the May 15, 2003 decision, Plaintiff has the burden of proving "changed circumstances." By failing to offer proof of such changed circumstances, Plaintiff has fallen short of rebutting the presumption.

However, in Social Security cases, the ALJ has a duty to fully and fairly develop the record. <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 2001)(citing <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir. 1996)); *see also* 20 C.F.R. § 416.1444 (at the administrative hearing, the ALJ "looks fully into the issues"). This is true even when the claimant is represented by counsel. <u>Brown v. Heckler</u>, 713 F.2d 441, 442-43 (9th Cir. 1993). The ALJ's duty to develop the record extends from the basic premise that Social Security hearings are not adversarial in nature. <u>Orcutt v. Barnhart</u>, 2005 WL 2387702, *3 (C.D. Cal. 2005);

*see also* Sims v. Apfel, 530 U.S. 103, 110-11 (2000)("It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.").

In this case, there is a gap in the evidentiary record with respect to Plaintiff's continuing treatment with Steven Feig, M.D. Although Dr. Feig indicates in his Residual Functional Capacity Assessment Form that he has been Plaintiff's treating physician since birth and saw Plaintiff five times in the period from December 2004, to May 2005 (A.R. 727), the most recent of Dr. Feig's medical records in the administrative record is from October 17, 2003 (A.R. 485-684). It is well-settled that the most recent medical records are the most probative in cases where the claimant's condition is or may be progressively deteriorating. Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985)(holding that earlier medical evaluations do not constitute substantial evidence for rejecting treating physician's subsequent and more current opinion when claimant's condition is degenerative); Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989)("Where a claimant's condition becomes progressively worse, medical reports from an early phase of the disease are likely to be less probative than later reports.").

To fully assess Plaintiff's ability to engage in substantial gainful activity and to determine whether Plaintiff's medical condition has changed, his treating physician's records should be reviewed. The ALJ made no effort to obtain these medical records and, thereby, to ascertain the current extent of Plaintiff's asthma. As a result, the ALJ failed to fully and fairly develop the record. *See* Higbee v. Sullivan, 975 F.2d 558, 561-62 (9th Cir. 1991)(remanding case in order

to develop the record); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record). Without these additional records, it is not clear whether there are changed circumstances relating to the work limitations imposed by Plaintiff's asthma.

Accordingly, remand for further development of the record is needed.

**B.   Reconsideration Of Plaintiff's Mental Impairment Is Precluded By Res Judicata.**

Plaintiff also contends that the ALJ failed to consider properly the borderline intellectual functioning afflicting Plaintiff, thereby committing legal error. (Joint Stip. at 4.) As discussed above, the May 15, 2003 decision creates a presumption of continuing non-disability that can be rebutted only by evidence of changed circumstances. *See* Lester, 81 F.3d at 827-28; Chavez, 844 F.2d at 693. Plaintiff has failed to demonstrate that his intellectual functioning has changed materially since the May 15, 2003 decision. (Joint Stip. at 20.)

Again, Plaintiff has the burden of proving that his circumstances have changed. *See* Booz, 734 F.2d at 1379-80. By failing to present sufficient evidence that the severity of Plaintiff's mental impairment has increased, a previously unconsidered impairment existed, or the criteria for determining disability had changed (*see* Acquiescence Ruling 97-4(9)), Plaintiff failed to meet his burden. Accordingly, no further consideration of Plaintiff's mental impairment is necessary.

**C.   Remand Is Required**.

Here, remand is appropriate to allow the ALJ the opportunity to develop the record regarding Plaintiff's asthma. *See, e.g.*, Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); McAllister, 888 F.2d at 603 (remand appropriate to remedy defects in the record).

**CONCLUSION**

Accordingly, for the reasons stated above, the Commissioner's decision is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.  Judgment shall be entered reversing the decision of the Commissioner, and remanding the matter for further administrative action consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 30, 2008

                                         /s/
                                MARGARET A. NAGLE
                          UNITED STATES MAGISTRATE JUDGE